**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Joseph Stern, by his parents and natural guardians, Mike and Linda Stern, and Mike and Linda Stern,

Plaintiffs,

v.

Independent School District No. 281,

Defendant.

Civil No. 00-1278 (AJB)

**ORDER AND MEMORANDUM OPINION ON CROSS MOTIONS FOR JUDGMENT ON THE RECORD**

---

This matter came on for hearing before the Honorable Arthur J. Boylan, United States Magistrate Judge, on August 23, 2000, at 628 U.S. Courthouse, 316 No. Robert Street, St. Paul, Minnesota, 55101, on cross motions for judgment on the administrative record [Docket Nos. 7 and 9]. The action was commenced in United States District Court pursuant to provisions of the Individuals with Disabilities Education Act. 20 U.S.C. § 1415(I). Luther A. Granquist, Esq., appeared on behalf of the plaintiff student and his parents. Susan E. Torgerson, Esq., appeared on behalf of the defendant school district. The parties have voluntarily consented to exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 [Docket No. 5].

Plaintiff Joseph Stern is a seven-year old kindergarten student who has autism and would benefit from specialized educational training. This action arises out of disagreement between the parties regarding the appropriate amount of instructional time during which the



FILED SEP 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD SEP 01 2000
DEPUTY CLERK

student should be integrated with non-disabled students; the nature of the services which should be provided by the school district; and the location at which necessary programming could be made available. Plaintiffs commenced this action as an appeal of the decision by a Hearing Review Officer, dated May 11, 2000. The Hearing Review Officer substantially affirmed the findings and conclusions of an Independent Hearing Officer dated March 14, 2000. The Independent Hearing Officer's findings and decision were issued following hearing in February 2000, during which testimony was presented and exhibits were received as evidence. The parties have submitted this motion to the Court for determination based upon the entire record as established in hearing before an Independent Hearing Examiner and as further developed upon review by the Hearing Review Officer. The parties have not asked to present additional evidence. 20 U.S.C. § 1415(I)(2)(B).

Based upon the file and documents contained therein, along with memorandums and arguments of counsel, the Court **Finds and Concludes** that the individualized education program as proposed by the school district and modified by Order of the Hearing Review Officer, is appropriately designed to provide a free appropriate public education to the student, Joseph Stern, in the least restrictive environment. 20 U.S.C. § 1412(a).

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Judgment on Administrative Record is **denied** [Docket No. 9].

2. Defendant's Motion for Judgment on the Record is **granted** [Docket No. 7]. The findings, conclusions and decision of the Hearing Review Officer is affirmed, and defendant's Individualized Education Program, as modified by decision of the Independent

Hearing Officer and affirmed by the Hearing Review Officer shall be implemented.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: 9/1/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

**Factual Background**

Joseph Stern is presently seven-years old[1] and resides with his parents, along with a twin brother and an older brother, in Plymouth, Minnesota. The Stern family lives in Independent School District No. 281, and Joseph anticipates entering kindergarten classes in ISD 281 in September 2000. Joseph showed a lack of developmental progress and speech loss at about 15 months,[2] and the school district was contacted to do an evaluation of his circumstances and needs in March 1995. In the fall of 1995, an evaluation was performed in which the student was determined to be eligible for Early Childhood Special Education services. The school district began to provide some educational services pursuant to an Individualized Family Service Plan implemented in December 1995.

---

[1] Joseph Stern's date of birth is July 23, 1993.

[2] Due Process Hearing, February 16, 2000; Witness Notebook, Exh. 111. Bates page 646.

In at least three separate assessments completed in early 1996, Joseph was diagnosed with autism.[3] He was provided intensive home-based training and therapy through a Lovaas-based program[4] during the 1996–1997 school year. Services were provided through a private health services company, REM Health, Inc., which was paid by the school district.[5] The school district further paid REM for extended school year services provided to the student during the summer of 1997.[6] Meanwhile, disagreements arose between the parents and the school district regarding the amount of discrete trial services that should be provided to Joseph by the school district. In January 1998, a due process hearing was held upon request of the parents. Findings and Conclusions were issued in April 1998, along with a decision instructing the school district to provide 40 hours per week of one-to-one Lovaas-based therapy.[7] On further consideration by a hearing review officer the decision was affirmed in regard to future services.[8]

---

[3] Id., Bates pages 647, 651.

[4] Id. Bates page 652. The program was implemented under the direction of Dr. Eric Larsson, Ph.D., a licensed psychologist. The regimen in large part consists of "discrete trial training" approaches wherein the learning process is broken down into particular tasks which are identified as discrete trials. "Students are taught through the process of reinforcement and stimulus to carry out these individual tasks in a repetitive and identical manner. Mastery of each task is then built upon to learn more complex tasks which, in turn, leads to generalization of learned tasks in other environments, and with other people."

[5] Id., Bates pages 657, 673. The student's parents apparently paid additional fees to REM employees in order to increase the quality and amount of therapy time that could be provided by REM therapists.

[6] Id., Bates page 663.

[7] Id., Bates pages 676-78.

[8] Findings of Fact, Conclusions and Decision; Witness Notebook, Exh. 112. Bates pages 720-722.

The matter was not appealed in state or federal district court, and in November 1998, an individualized education plan was devised for Joseph which incorporated the hearing officer's decision with respect to the intensive training program.

In May 1999, the school district gave the parents notice of a meeting for purposes of reviewing and possibly revising Joseph Stern's individualized education program.[9] The parents promptly advised school authorities of their desire that Joseph be placed at his neighborhood school, Zachary Lane Elementary, and that he continue to participate in Lovaas-based training with Dr. Larsson.[10] The school presented a series of proposed IEPs which provided for placement of the student in the Communication Interaction Disorders program at the New Hope Elementary School. In the CID program, the student is placed in a classroom with approximately six children who also have autism and communications disorders.[11] The CID classroom is separate from the classroom for regular kindergarten students. The school district's various proposals also included some minutes each day for the student's inclusion in the regular kindergarten program at New Hope Elementary.[12] In December 1999, Joseph was evaluated at the Mayo Clinic on referral from his parents. Psychologists at the Mayo Clinic recommended that Joseph received therapy and instruction in a TEACCH[13] oriented classroom which is also a

---

[9] Notice of a Team Meeting; Witness Notebook, Exh. 41. Bates page 161.

[10] Letter dated May 17, 1999; Witness Notebook, Exh. 42. Bates page 162.

[11] Due Process Hearing Transcript, page 214.

[12] 20 minutes per day pursuant to a June 1999, proposed IEP, Exh. 53, Bates page 276; 40 minutes per day pursuant to an October 1999, proposed IEP, Exh. 70, Bates page 326

[13] Treatment and Education of Autistic and Related Communication Children. Witness Notebook, Exh. 116. Bates page 770. It was anticipated that a TEACCH classroom would be

primary feature of the CID program proposed by the school district. The parents opposed the final IEP as proposed by the school district and requested a due process hearing in by notice submitted in January 2000.[14]

**Procedural Background**

Plaintiffs' request for due process hearing, dated January 11, 2000, initiated the review proceedings which have culminated in the present District Court action. The request for hearing identifies aspects of the IEP which the parents find objectionable. Generally, the parents asserted that the IEP would deny Joseph a free appropriate public education (FAPE) in the least restrictive environment (LRE). More specifically, the parents opposed curtailment of discrete trial training; opposed Joseph's placement in a segregated classroom, apart from non-disabled children; and opposed placement away from the student's neighborhood school, Zachary Lane Elementary. The parents requested that an IEP be adopted which would require the school district to provide supplementary aids and services, including personnel support, to enable Joseph to be enrolled at Zachary Lane in a regular kindergarten education program. The parents also requested hearing in regard to the providing of extended school year services and continued discrete trial training through contract with REM Health, Inc. and Dr. Larsson.[15] The Independent Hearing Officer issued an Order dated March 14, 2000, establishing an education

---

designed to provide greater structure and environmental predictability for the student. Mayo Clinic Report, Exh. 78. Bates page 361.

[14] Request for Due Process Hearing; Witness Notebook, Exh. 79. Bates page 373-76.

[15] The parents did not appeal the Independent Hearing Officer's ruling rejecting the continuation of discrete intensive trial training and they are not pursuing any claim with respect to extended school year services in this action.

program which places Joseph in a CID classroom at New Hope Elementary for 4 to 4.5 hours per day, five days a week. The Order further placed Joseph in a regular kindergarten classroom at New Hope for approximately 2.5 hours each day.[16]

On March 31, 2000, the parents sought review of the decision of the Independent Hearing Officer by a Hearing Review Officer. The Hearing Review Officer considered the matter on the record, along with the findings, conclusions and decision of the Independent Hearing Officer, and denied the plaintiffs' appeal by decision and Order dated May 10, 2000. This United States District Court civil action is brought pursuant to 20 U.S.C. § 1415(I)(1)(B) as a appeal of the final decision of the Hearing Review Officer.

**Standard of Review**

The parties in this matter present cross motions for judgment on the administrative record. Defendant school district moves for judgment and order for implementation of the individualized education plan as established by the Independent Hearing Officer and affirmed by the Hearing Review Officer. Plaintiffs seek an order and judgment requiring the school district to adopt an IEP which places Joseph in his neighborhood school, Zachary Lane Elementary, and further places him in a regular kindergarten classroom on a full--time, full--day basis, with provision for appropriate supplementary aids and services. Plaintiff's insist that their proposal best satisfies the requirement under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.§ 1412, et seq., wherein disabled students shall be provided a

[16] Approximately 2.5 hours per day, five days a week, is full time kindergarten attendance in the regular program.

free appropriate public education in the least restrictive environment.[17]

The United States District Court has jurisdiction to hear appeals of administrative decisions regarding the provision of educational services to disabled students. 20 U.S.C. §§ 1415(a) and (I). However, judges typically are not trained educators and judicial review under the IDEA is therefore limited. E.S. v. Independent School District, No. 196, 135 F.3d 566, 569 (8th Cir. 1998). In its review of administrative appeals decisions the district court must give "due weight" to the results of those proceedings and must resist any impulse to substitute its own notions of sound educational policy for those of school authorities. Id., citing Hendrick Hudson Dist. Bd. of Ed. v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034, 3051 (1982). Though the school district has the burden of proving compliance with the IDEA at the administrative review level, the burden of proof on appeal is on the party challenging the outcome of the state administrative proceedings. E.S. v. Independent School District, No. 196 at 569.

## DISCUSSION

**Exhaustion of Appeal Claims**

The school district's initial claim on motion for judgment on the record is that plaintiffs have not exhausted administrative remedies with respect to the relief they are seeking in this action. Plaintiffs were initially requesting intensive one-to-one in-home services. They are currently seeking full-time placement in a regular kindergarten classroom in their neighborhood school. Plaintiff insists, and the Court agrees, that the record in this instance is sufficient to permit reasoned consideration of the issues and the requests for relief that are now being presented to this action, specifically with respect to the requirement that the student be

---

[17] 20 U.S.C. §§ 1412(a)(1) and (5).

offered an education in the least restrictive environment. See Gill v. Columbia 93 School District, 217 F.3d 1027, 1037 (8th Cir. 2000). Defendant's motion for dismissal of the district court appeal based upon failure to exhaust administrative remedies is denied.

**Classroom Placement**

Plaintiffs' argument in opposition to the IEP, as presently constructed pursuant to administrative decision, is that the school district's proposal[18] is inconsistent with the IDEA mandate which requires that children with disabilities be educated in the least restrictive environment. 20 U.S.C. § 1412 (a)(5). Generally, placement in the least restrictive educational environment entails placement of disabled children in schools and classes along with non-disabled students, to the maximum extent appropriate. Children with disabilities should be placed in special classes or receive separate schooling only when they cannot be satisfactorily educated in an setting with non-disabled students, even with the benefit of supplementary aids and services. 20 U.S.C. § 1412 (a)(5)(A).

Despite both parties' extensive argument and recitation of pertinent authority relating to the school district's responsibility under the IDEA to provide a free appropriate public education, in the least restrictive alternative, and as manifested in an individualized education program,[19] plaintiffs have correctly observed that the central focus of this case is properly on the Communications Interaction Disorders classroom.[20] The school district faults plaintiffs'

---

[18] The school district did not appeal the administrative decision and has effectively, if not explicitly, acquiesced in the IEP requirements established in the administrative hearing process. The school district is currently defending that IEP.

[19] 20 U.S.C. § 1412(a).

[20] Plaintiffs' Reply Memorandum, page 4.

challenge to the IEP as an improper piecemeal attack on the communication interaction disorders (CID) classroom and insists that the IEP must be examined as a whole. Plaintiffs acknowledge that opposition to the segregated program, as implemented in the CID classroom setting, is the essence of their objection to the school district's present plan for providing Joseph an education, but they contend that this approach is not piecemeal in the context of the statutory mandate that disabled children be educated in the least restrictive environment and that the further requirement that the school district have a continuum of alternative placements available to meet the special education needs of disabled children. 34 C.F.R. § 300.551. The plaintiffs do not dispute that an appropriate IEP for Joseph would require special supportive aids and services, perhaps including implementation of TEACCH and PECS[21] techniques. However, they insist that defendant has not sufficiently shown that various training and therapy methodologies, in the context of supplemental aids and services, could not be effectively implemented in the regular kindergarten classroom. Plaintiffs further argue that defendant has failed to identify the supplemental aids and services which would be required in a regular classroom and that placement in a segregated program was improper and contrary to findings that the student could receive educational benefit in a regular classroom environment.

Though acknowledging that the segregated CID classroom placement is the paramount concern from plaintiff's perspective, it is the Court's determination that plaintiffs' argument is essentially a piecemeal challenge to the present educational proposal and the

---

[21] Picture exchange communication systems (PECS). The PECS system is designed to promote communications through the student's use of pictures to initiate interaction with others. It is effective in providing functional communication. Joint Appendix for Motions, Part I, Independent Hearing Officer's Findings of Fact, para. 41, page 12.

supporting administrative review findings, and that plaintiffs' positions represents an all-or-nothing approach to Joseph's educational programming which is not supported by the record or required under the IDEA. In its recent opinion in Gill v. Columbia 93 School District, 217 F.3d 1027 (8th Cir. 2000), regarding application of provisions of the IDEA and the Court's review of such application, the Eighth Circuit held that the standard for judging whether an individualized education program is appropriate is whether it offers instruction and supporting services reasonably calculated to provide some educational benefit to the student. Id. at 1035. The IDEA does not require an special education program designed to "maximize the capabilities" of the disabled student. Id.. Whether an IEP is reasonably calculated to provide some educational benefit is a mixed question of law and fact. Id. "[D]ue weight" should be given to administrative proceedings and the federal court should not substitute its own concept of appropriate educational policy. Id. at 1037. Although Gill involved an after-the-fact claim for reimbursement of private education expenses paid by parents of a disabled child, its statement on the standards of federal court review and administrative deference are even more applicable in pre-implementation consideration of an IEP which has been subjected to administrative review. Joseph Stern's parents do not challenge his half-day placement in a regular kindergarten classroom. The administrative record contains persuasive evidence to support Joseph Stern's placement in a TEACCH oriented classroom and in an environment in which he can be provided training that would have some level of applied behavior analysis discrete trial training (ABA/DTT),[22] and would include "ABA therapy to focus on particular self-help skills, communications skills, and social interaction skills [which] can also be utilized in the self-

---

[22] Mayo Clinic Report, Exh. 78. Bates page 363.

contained classroom which would be modeled after the TEACCH program.[23] It is apparent to the Court that administrative hearing officers who reviewed this matter gave thorough consideration to the entire record , including the IEP proposals of both the school district and the parents, and the Court finds no evidentiary deficiency in the record which would justify a refusal to accord due weight and deference to the administrative decision wherein it was determined that an appropriate individualized educational program for Joseph would entail four hours of training and therapy in a CID setting which is available at New Hope Elementary and is not available at Zachary Lane Elementary. In effect, plaintiffs are asking the Court to adopt their view of the evidence and the propriety of the administrative decision, and to thereafter substitute its own decision regarding Joseph's educational programming. This Court has made an independent review of the evidence. Its independent decision is that the proposed IEP that is presently in effect provides for a free appropriate public education for the student. The Court concurs in the administrative determination that four hours placement in a segregated CID classroom, along with 2.5 hours in a regular kindergarten classroom, is a appropriate placement for the student and that New Hope Elementary is the least restrictive environment in which to provide training and therapy to Joseph Stern.

---

[23] Mayo Clinic Report, Exh. 78. Bates pages 363-64.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
APPELLANT'S FORM A
Appeal Information Form
To be filed with the Notice of Appeal

Appeal Docket No. ____________

| STYLE OF CASE: | COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER |
|---|---|
| Appellant/Appellee, vs. | |
| Appellant/Appellee. | COUNSEL: NAME, ADDRESS AND TELEPHONE NUMBER |

LIST ISSUES ON APPEAL (For administrative purposes). You may indicate that this also serves as your statement of issues under FRAP 10(b)(3). ( ) Yes. ( ) No.

FOR LEAD COUNSEL ONLY
I ___ have (____ have not) discussed settlement possibilities on appeal with my client.
This appeal ___ is (___ is not) amenable to settlement.

Submitted by: ________________________________________
Signature of Lead Counsel Date

INSTRUCTIONS:
Filing of appellant's Form A is required to be submitted to the Clerk of the District Court with the Notice of Appeal (8 Cir. Rule 3B).
If inadvertently omitted, appellant may file Form A directly with the Clerk of the Court of Appeals before appeal is docketed.
Forms are available at the District Court Clerk's Office and may also be obtained electronically at: www.ca8.uscourts.gov

Copy 1 - White - Send to Appellee (together with an uncompleted Form B)
Copies 2 & 3 - Canary & Pink - Send to Clerk, District Court with Notice of Appeal or Eighth Circuit (see above)
Copy 4 - Goldenrod - Retain

Appeal Docket No. ______________

U. S. COURT OF APPEALS - EIGHTH CIRCUIT

**APPELLEE'S FORM B**
Appeal Information Form

CASE NAME (Underline name of Appellee):

IS THE ALIGNMENT OF PARTIES, NAMES, ADDRESSES, AND TELEPHONE NUMBERS CORRECT ON APPELLANT'S FORM A? ( ) Yes ( ) No If no, list corrections below.

FOR LEAD COUNSEL ONLY
I ___ have (___ have not) discussed settlement possibilities on appeal with my client.
This appeal ___ is (___ is not) amenable to settlement.

NAME, ADDRESS, AND TELEPHONE NUMBER OF LEAD COUNSEL:

Submitted by: ______________________________

Date: ______________________________

Copy 1 - White - Send to Appellant
Copy 2 & 3 - Canary & Pink - Send to Clerk, Eighth Circuit Court of Appeals
Copy 4 - Goldenrod - Retain